13-2468-cv
Perez v. Subcontracting Concepts, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of May, two thousand fourteen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                      *Circuit Judges*.

_____

THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,[1]

                              *Petitioner - Appellee*,

v.                                            No. 13-2468

SUBCONTRACTING CONCEPTS, LLC,

                              *Respondent - Appellant*.

_____

Appearing for Appellant:     David F. Jasinski, Jasinski, P.C. (Peter P. Perla, *on the brief*) Newark, N.J.

Appearing for Appellee:     Dean A. Romhilt, U.S. Department of Labor, Office of the Solicitor (M. Patricia Smith, Solicitor of Labor, Jennifer S. Brand, Associate Solicitor, Paul L. Frieden, Counsel for Appellate Litigation, *on the brief*) Washington, D.C.

---

[1] Thomas E. Perez is automatically substituted as the appellant in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Appeal from the United States District Court for the Northern District of New York  (Hurd, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Subcontracting Concepts LLC ("SCI") appeals from the May 23, 2013 order of the United States District Court for the Northern District of New York (Hurd, *J.*) ordering it to comply with a subpoena ad testificandum for records related to its clients, subject to certain protective limitations.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks omitted).  "This principle is in keeping with the traditional rule that a trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *Id.* (internal quotation marks and alterations omitted).

On this record, we find no abuse of discretion in the district court's rulings.  There is no question that SCI submitted its objections to the magistrate judge's recommendations two days late, and thus the appeal was properly denied as untimely.  Assuming arguendo we exercise our discretion and consider the merits in the interests of justice, *see Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993), the district court did not abuse its discretion in ordering compliance with the subpoena.  "[T]he district court's role in a proceeding to enforce an administrative subpoena is extremely limited." *E.E.O.C. v. United Parcel Serv., Inc.*, 587 F.3d 136, 139 (2d Cir. 2009) (internal quotation marks omitted).  Thus:

> To obtain enforcement of an administrative subpoena, an agency must show only [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within [the agency's] possession, and [4] that the administrative steps required . . . have been followed.

*Id.* (internal quotation marks omitted) (alterations in the original).  SCI simply cannot demonstrate the subpoena demand for SCI's client list does not satisfy the above elements.  SCI does not cite to any cases carving out an exception to the subpoena rule for trade secrets, and the protective language contained in the district court's order was sufficient to satisfy SCI's confidentiality concerns.

Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2